Filed 2/2/23  P. v. Caradine CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br>　Plaintiff and Respondent,<br><br>v.<br><br>LEARTIS KAMAU MAURICE CARADINE,<br>　Defendant and Appellant. | A165088<br><br>(Mendocino County Super. Ct. Nos.<br>SCUKCRCR2020354221<br>SCUKCRCR2020367511<br>21CR01759) |

Defendant Leartis Kamau Maurice Caradine appeals from judgments in three cases, one resolved by jury trial, and two resolved by plea agreements.

In case No. SCUKCRCR2020354221 ("Case 422"), Caradine was charged with several felony offenses including second-degree burglary of a jewelry and pawn store (Pen. Code,[1] §§ 459, 460, subd. (b)).  The following was the agreed factual basis for the burglary charge (as set forth in a change of plea form): On June 23, 2020, Caradine had entered the jewelry and pawn store, with the intent to commit larceny therein while the business was open.

---

[1]　All undesignated statutory references are to the Penal Code.

1

In case No. SCUKCRCR2020367511 ("Case 751"), Caradine was charged with the felony offense of failure to appear in violation of section 1320.5, together with a special allegation that he was out on bail at the time of his failure to appear (§ 12022.1) and a sentencing enhancement allegation for a prior strike (§§ 667, 1170.12). The failure to appear charge arose from an incident on October 28, 2020, when Caradine failed to appear at a pre-trial court hearing in Case 422.

On June 29, 2021, a jury trial was held on the failure to appear charge filed in Case 751. Mendocino County Sheriff's Deputy Robert Hamilton testified that on November 28, 2020, he arrested Caradine based on an outstanding warrant for his arrest due to his failure to appear in court on October 28, 2020 in Case 422. District Attorney Investigator Bryan Arrington identified certified court documents indicating that in Case 422 Caradine had been released from custody after posting a bail bond; on September 24, 2020 he was present in court and ordered to appear on October 28; when he failed to appear in court on October 28, his bail was forfeited and a bench warrant was issued for his arrest; and on December 1 he was back in custody and present in court via video. The jury returned a verdict of guilty on the failure to appear charge. After Caradine waived his right to a jury trial on the special and strike allegations, the trial court found Caradine was out on bail at the time of his failure to appear based on evidence admitted at the jury trial and Caradine had sustained a prior strike based on certified court documents for that conviction. The matter was continued for further proceedings and Caradine remained out of custody on bail.

2

While Caradine was out of custody, he was arrested for a drug offense. On September 30, 2021, the Mendocino County District Attorney filed an information in case No. 21CR01759 ("Case 759"), charging Caradine with possession of a controlled substance (methamphetamine) for sale (Health & Saf. Code, § 11378), together with sentencing enhancement allegations. To facilitate a plea agreement, the information was later amended to include the charge of transportation of a controlled substance for sale (Health & Saf. Code § 11379, subd. (a)). The following was the agreed factual basis for the amended charge (as set forth in a change of plea form): On August 22, 2021, Caradine transported, sold, or offered to sell a controlled substance (methamphetamine), knowing it to be a controlled substance.

On March 10, 2022, the parties agreed to a resolution of the three cases. Specifically, in Case 759 Caradine agreed to plead no contest to an amended charge of transportation of a controlled substance (methamphetamine) for sale (serving as the principal count for a four-year aggravated term); in Case 422 Caradine agreed to plead no contest to a second degree burglary charge (serving as the subordinate count for a concurrent three year middle term); and in Case 751 (failure to appear conviction), Caradine was promised a consecutive 16-month term (one-third of the middle term of two years (eight months) doubled for the true finding of a prior strike allegation). The court dismissed any remaining charges and sentence enhancements either alleged or found to be true. Caradine also agreed to pay $1,171.30 in restitution to the burglary victim in Case 422.

At sentencing on April 12, 2022, the trial court imposed the promised sentences and ordered Caradine to pay the agreed victim restitution.  Caradine filed a notice of appeal in each case.

Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  Appellate counsel has averred Caradine was advised of his right to file a supplemental brief, but he has not filed such a brief.  Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the judgments in all three cases.

## DISPOSITION

The judgments are affirmed in cases SCUKCRCR2020354221, SCUKCRCR2020367511, and 21CR01759.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Fujisaki, J.

A165088/*People v. Caradine*

5